IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DISTRICT OF ST. CROIX

| | |
|---|---|
| THOMAS CHARLES ) | |
| ) | SX- 11 CV _____ |
| Plaintiff, ) | |
| ) | ACTION FOR DAMAGES |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| RYAN FRASER  and ) | |
| SPIRITAS COMPANY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**COMPLAINT**

Comes now, the Plaintiff, by counsel, and hereby alleges as the basis of his complaint and states as follows:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as there is diversity of citizenship and the amount in controversy exceeds $75,000.

2. The plaintiff, Thomas Charles, is an adult resident and citizen of St. Croix, VI.

3. The defendant, Ran Frazer is an adult resident and citizen of Palm Beach, Florida.

4. The defendant, Spiritas Company ("Spiritas") is a Missouri corporation where it is a resident and citizen thereof.

5. On or about July 6, 2009, Thomas Charles was driving east in the vicinity of Hunter Foods Corporation, when his vehicle was struck by a vehicle driven by the defendant, Ryan Fraser, while acting within the scope of his employment with Spiritas Company.

6. At all times relative hereto, Ryan Fraser was employed by and acting within the scope of his employment for the defendant at the time of the accident giving rise to this litigation on July 6, 2009.

7. On July 6, 2009, Ryan Fraser was driving a rental vehicle in the vicinity of Hunter Foods Corporation when he attempted to make a u-turn into the on-coming east lane of traffic, striking the vehicle being driven by Thomas Charles.

8. As a direct and proximate result of Ryan Frazer's actions, Thomas was injured when the defendant's vehicle collided into the oncoming car being driven by Thomas Charles, injuring him.

9. As a result of the collision, Thomas Charles was all injured.

10. The injuries of Thomas Charles include pain and suffering, mental anguish, loss of enjoyment of life, impaired earning capacity, permanent disability and medical expenses. All of the foregoing damages for each plaintiff have accrued in the past and will continue to accrue into the future.

11. As the defendant's negligence was the proximate cause of the plaintiff's injuries, the defendant is liable for the damages.

### COUNT I

12. The Plaintiff repeats and realleges all preceding paragraphs which are incorporated herein by reference.

13. The accident was caused by the negligence of the defendant, Ryan Fraser, who failed to yield the right of way to the plaintiff's vehicle on July 6, 2009.

**Complaint**
Page 3

14. As a direct and proximate result of Ryan Frazer's negligence, which is imputed to Spiritas under the doctrine of *respondent superior* as his employer, Thomas was injured when the defendant's vehicle collided into the oncoming car being driven by Thomas Charles, injuring him.

15. As such, both Ryan and Spiritas are liable for the plaintiff's damages.

16. The injuries of Thomas Charles include pain and suffering, mental anguish, loss of enjoyment of life, impaired earning capacity, permanent disability and medical expenses. All of the foregoing injuries of the plaintiff have accrued in the past and will continue to accrue into the future.

## COUNT II – GROSS NEGLIGENCE

17. The plaintiff repeats and realleges all preceding paragraphs, which are incorporated herein by reference.

18. The defendant, Ryan Frazer, who at all times relative hereto was employed by Spiritas and acting within the scope of his employment on July 6, 2009 was observed talking on his cellular phone prior to attempting to make the u-turn into oncoming traffic, which conduct constitutes gross negligence.

19. Likewise, the u-turn made by Ryan while acting within the scope of his employment is itself such a reckless act, that it constitutes gross negligence as well.

20. As a direct and proximate result of this gross negligence, the vehicle being driven by the defendant collided with the plaintiff's vehicle, causing his injuries as set forth herein.

**Complaint**
Page 4

21. As such, the defendants are liable to the plaintiff for compensatory damages as alleged herein.

WHEREFORE, the Plaintiff respectfully seeks a judgment against the defendants for compensatory damages for each count included in this action in amounts to be determined by a jury and any and all relief that the Court deems proper in the circumstances.

**TRIAL BY JURY IS DEMANDED AS TO ALL ISSUES**

Dated: April 20, 2011

_____
Joel H. Holt
Attorney for Plaintiff
2132 Company Street
Christiansted, VI  00820
(340) 773-8709